CRAIG A. KRONER, ESQ. CSBN 124565
LAW OFFICE OF CRAIG A. KRONER
1141 RINGWOOD COURT # 10
SAN JOSE, CA. 95131-1757
Tel. no. 408-433-9893
Fax No. 408-433-9301

Attorney for Plaintiff(s):
Jeannie Anderson, et al

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANNIE ALDERSON & WILLIAM R BROWN ) | Case No.: |
| ) | |
| Plaintiff(s), ) | **COMPLAINT FOR DAMAGES FOR MEDICAL MALPRACTICE** |
| ) | |
| vs. ) | |
| REDWOOD COAST MEDICAL SERVICES, ) | **1: Negligence/Medical Malpractice** |
| INC., a Federally Supported Health Center, and ) | **2: Loss of Consortium** |
| DOES 1-250, ) | |
| ) | |
| Defendant(s) ) | |

   Plaintiffs, through counsel, allege a Cause of Action for damages for Medical Malpractice/Negligence as follows:

1.    **Jurisdiction**: This court has jurisdiction over this complaint because Defendant Redwood Coast Medical Services is a federally supported health center and under the Federally Supported Health Centers Assistance Act ("FSHCAA") was deemed by the Department of Health and Human Services to be an "employee" of the Public Health Service during the timeframe of the events giving rise to the Complaint in this matter. ***See 28 U.S.C. § 233(g)***. Pursuant to the FSHCAA the Federal Tort Claims Act is the exclusive remedy for suits against a deemed federally supported health center.

2.   **Venue**: Venue is appropriate in this court because all of the facts, events and circumstances herein mentioned and described occurred in the county of MENDOCINO in Northern California which is in this district and all Defendants reside and are doing business in the County of MENDOCINO, Northern California also in this district.

3. **Intra-district Assignment**: This lawsuit should be assigned to the San Francisco Division of this Court unless and until all parties agree to a Eureka Division United States magistrate judge because a substantial part of the events or omissions which give rise to this lawsuit occurred in the county of MENDOCINO in Northern California

4. **Administrative Remedy Exhausted**: At all times herein mentioned the timely submitted Federal Tort Claims Act (FTCA) administrative claims of plaintiffs Jeannie Alderson (Claim No. 2013-0470) and William R. Brown (Claim No. 2013-0471)were denied and Notice of Denial was issued by letter dated 7-31-14 and received by Plaintiffs' counsel on 8-4-14.

### DOE DEFENDANTS

 5. The true names, identities or capacities, whether individual, associated, corporate or otherwise of Defendants DOES 1 through 250, inclusive are unknown to Plaintiffs who therefore sue said Defendants by such fictitious names. When the true names, identities, or capacities of such fictitiously-designated Defendants are ascertained, Plaintiffs will ask leave of Court to amend the Complaint to insert said true names, identities and capacities, together with the proper charging allegations.

6: Plaintiffs are informed and believe and thereon allege that each of the defendants sued herein as a DOE is responsible in some manner for the events and happenings herein referred to, thereby legally causing the injuries and damages to the Plaintiffs as herein alleged.

7:   At all times herein mentioned, Defendants Redwood Coast Medical Services and DOES 1 through 250, inclusive were, based upon the same allegations stated herein, timely sued in the Superior Court of the State of California for Mendocino County, Case No. 1362224 with date of filing of 5-22-13. Said action was removed to Federal Court (Case No. CV134663) on or about October 2013 once it was learned that the FTCA was plaintiffs' exclusive remedy. At around October 2013, the same time that the parties were considering a stipulated removal of said action to Federal Court plaintiffs' counsel withdrew his representation of plaintiffs who then sought out replacement counsel. During the time plaintiffs were seeking replacement counsel said action was dismissed without prejudice for failure to prosecute by United States District Judge the Honorable Susan Illston on or about 2-25-14.

**I.**

**PLAINTIFF JEANNIE ALDERSON ALLEGES A CAUSE OF ACTION FOR NEGLIGENCE/MEDICAL MALPRACTICE AGAINST DEFENDANTS AND EACH OF THEM AS FOLLOWS:**

8:   Plaintiff JEANNIE ALDERSON repeats and re-pleads each and every allegation contained in all prior paragraphs and incorporates the same herein by reference.

9:    At all times herein mentioned, the Plaintiff was in the exclusive control of the Defendants, and each of them, and that at no time prior to the events, conduct, activities, care and treatment herein complained of did the Defendants herein, or any of them, obtain knowledgeable, informed consent for said care, treatment or conduct; that prior to the initiation of their performance of said care, treatment, procedure or conduct that no opportunity was afforded the Plaintiff or any authorized agent of the Plaintiff to exercise voluntary, knowledgeable and informed consent to said care, treatment, procedure or conduct.

10:    Prior to February 7, 2012, the date of plaintiff's surgery to remove an infected mastectomy breast implant, and thereafter, Plaintiff employed Defendants, and each of them, to diagnose and treat her medical condition and to do all things necessary for her care and treatment, including, but not limited to hospitalization, anesthesia, surgery and post-surgical care, including home health services and wound care at home.

11:    While Plaintiff was under the sole and exclusive care and control of the said Defendants, Defendants, and each of them negligently, carelessly and unskillfully examined, treated, cared for, diagnosed, operated upon, resuscitated, attended and otherwise handled and controlled the Plaintiff herein, thereby proximately causing injuries and damages to Plaintiff as herein alleged, including but not limited to, leaving behind and failing to discover a retained foreign body and wound vac sponge in the right mastectomy wound breast area.

12: It was not until May 31, 2012 that the plaintiff discovered both her injuries and the apparent negligent cause of her injuries, when said retained foreign body was surgically removed on May 31, 2012 at Mendocino Coast District Hospital by surgeon Kenneth R. Susman, M.D. At that time both said surgeon and the hospital pathology report specifically indicated to plaintiffs that the retained foreign body was in fact a retained wound vac sponge. At no time including up to the present have plaintiffs been informed or have been provided any proof that the subject retained foreign body is anything other than a wound vac sponge left behind by the agents, employees and nurses employed by defendant Redwood Coast Medical Services.

13: Defendants and each of them including those sued herein as DOES intentionally and\or negligently failed to inform plaintiffs regarding any other known or possible source or culpable person or entity responsible for placing, leaving or neglecting to remove the aforementioned retained sponge.

14: As a legal result of the negligence of the Defendants, and each of them, Plaintiff was injured in her health, strength and activity, sustaining severe shock, and injury to Plaintiff's body, all of which said injuries have caused and continue to cause Plaintiff great physical, emotional, and nervous pain and suffering, and which said injuries Plaintiff is informed and believes, and thereon alleges, will result in loss of earnings, permanent disability, loss of enjoyment of life, and impairment of earning capacity all to Plaintiff's damage in a sum in excess of $ 300,000.00.

15:    As a further legal result of the negligence of the Defendants, and each of them, and the resulting injuries to the Plaintiff, said Plaintiff was compelled to, and did, incur expenses for medical and surgical attention, hospitalization, nursing, medication and incidentals for said Plaintiff in an amount unknown to Plaintiff at present.

16:    As a further legal result of the negligence of the Defendants, and each of them, and of the resulting injuries, Plaintiff will be obliged to incur expenses for medical care and hospitalization for an indefinite period in the future and to pay for these expenses in the treatment and relief of injuries for medical and surgical attention, hospitalization, nursing, medication, and incidentals for said Plaintiff in an amount unknown to Plaintiff at present.

17:    As a further legal result of the negligence of the Defendants, and each of them, Plaintiff Jeannie Alderson has suffered a loss of earnings and will suffer a decreased earning capacity in the future and future earnings to Plaintiff's further damage in a sum unknown at present.

## II.

## PLAINTIFF WILLIAM R. BROWN ALLEGES FOR A SEPARATE AND DISTINCT CAUSE OF ACTION FOR LOSS OF CONSORTIUM AGAINST DEFENDANTS AND EACH OF THEM AS FOLLOWS:

18: Plaintiff WILLIAM R. BROWN repeats and re-pleads each and every allegation contained in all prior paragraphs and incorporates the same herein by reference as to said Defendants and each of them.

19:    At all times herein mentioned, JEANNIE ALDERSON and WILLIAM R. BROWN are and have been married during all of the time that the events herein alleged have occurred. Plaintiff William R. Brown has suffered and is reasonably certain to suffer in the future the loss of consortium, love, companionship, comfort, affection, society, solace, moral support, enjoyment of sexual relations and physical assistance in the operation and maintenance of the home, causing damage in a sum in excess of $ 100,000.00.

WHEREFORE, Plaintiffs pray for damages against the Defendants, and each of them, as follows:

**FOR THE CAUSE OF ACTION FOR NEGLIGENCE/MEDICAL MALPRACTICE FOR PLAINTIFF JEANNIE ALDERSON:**

1: General damages of $ 250,000.00;

2: Past and future medical expenses, according to proof;

3: For loss of future earnings and earning capacity, according to proof;

4: Costs of suit incurred herein, and

5: For such other and further relief as to the Court appears just and proper.

**FOR THE CAUSE OF ACTION FOR LOSS OF CONSORTIUM FOR PLAINTIFF WILLIAM R. BROWN:**

1: General damages of $ 100,000.00;

2: Special damages, according to proof;

3: Costs of suit incurred herein, and

4: For such other and further relief as to the Court appears just and proper.

X _____

CRAIG A. KRONER, ESQ.
ATTORNEY FOR
PLAINTIFF: