THOMAS J. DONNELLY, ESQ. (State Bar No. 65660); tdonnelly@dndmlawyers.com
SONJA M. DAHL, ESQ. (State Bar No. 130971); sdahl@dndmlawyers.com
DONNELLY NELSON DEPOLO & MURRAY
A Professional Corporation
201 North Civic Drive, Suite 239
Walnut Creek, CA  94596
Tel. No. (925) 287-8181
Fax No. (925) 287-8188

Attorneys for Defendant
MENDOCINO COAST DISTRICT HOSPITAL, sued herein as Doe 4

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANNIE ALDERSON & WILLIAM R. BROWN,<br><br>Plaintiffs,<br><br>vs.<br><br>REDWOOD COAST MEDICAL SERVICES, INC., a Federally Supported Health Center, and DOES 1-250,<br><br>Defendants. | Case No.  3:14-CV-03564-SI<br><br>**ANSWER OF DEFENDANT MENDOCINO COAST DISTRICT HOSPITAL [DOE 4]**<br><br>**DEMAND FOR JURY TRIAL**<br><br>ASSIGNED FOR ALL PURPOSES TO:<br>**THE HON. SUSAN ILLSTON** |

Comes now Defendant MENDOCINO COAST DISTRICT HOSPITAL, sued herein as Doe 4, and responds to the allegations of Plaintiffs' Complaint on file herein as follows:

1. Paragraph 1 states a legal conclusion, and no response is required.  To the extent a response is required, Defendant admits the allegations in paragraph 1.

2. Paragraph 2 states a legal conclusion, and no response is required.  To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 2, and on that basis, denies them.

3. Paragraph 3 states a legal conclusion, and no response is required.  To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 3, and on that basis, denies them.

//

1  4. Paragraph 4 states a legal conclusion, and no response is required. To the extent a
2 response is required, Defendant lacks sufficient information to admit or deny the allegations in
3 Paragraph 2, and on that basis, denies them.

4  5. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 5,
5 and on that basis, denies them.

6  6. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 6,
7 and on that basis, denies them.

8  7. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 7,
9 and on that basis, denies them.

10  8. Defendant incorporates by reference its responses to Paragraphs 1-7.

11  9. Defendant denies the allegations in Paragraph 9.

12  10. Defendant lacks sufficient information to admit or deny the allegations in Paragraph
13 10, and on that basis, denies them.

14  11. Defendant denies the allegations in Paragraph 11.

15  12. Defendant lacks sufficient information to admit or deny the allegations in Paragraph
16 12, and on that basis, denies them.

17  13. Defendant denies the allegations in Paragraph 13.

18  14. Defendant denies the allegations in Paragraph 14.

19  15. Defendant denies the allegations in Paragraph 15.

20  16. Defendant denies the allegations in Paragraph 16.

21  17. Defendant denies the allegations in Paragraph 17.

22  18. Defendant incorporates by reference its responses to Paragraphs 1-17.

23  19. Defendant denies the allegations in Paragraph 19.

### AFFIRMATIVE DEFENSES

**AS A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to the Complaint, this answering defendant alleges that the Complaint fails to state a cause of action.

**AS A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to the Complaint, this answering defendant alleges that the Complaint herein does not state facts sufficient to

constitute a cause of action in that the alleged cause of action is barred by the Statute of Limitations: California Code of Civil Procedure sections 340.5 and 364.

**AS A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to the Complaint for Damages, this answering defendant alleges that if it should be found that there was negligence as alleged in plaintiffs' Complaint or in connection with the subject matter of the Complaint, such negligence was that of the plaintiffs and of persons, firms, corporations, or entities other than this answering defendant and comparatively reduces the percentage of any liability on the part of this answering defendant if it should be found that this answering defendant is negligent or liable as alleged in the Complaint, which this answering defendant has denied and does expressly deny.

**AS A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to the Complaint, in the event this answering defendant is found to be negligent, which is expressly herein denied, the liability of this answering defendant is limited by reason of California Civil Code §1431.2.

**AS A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to the Complaint, this answering defendant alleges that in the event this answering defendant is found liable, which this defendant denies and states merely for the purpose of this affirmative defense, this answering defendant may elect to introduce evidence of any amount paid or payable, if any, as a benefit to plaintiffs and claim credit pursuant to Civil Code §3333.1.

**AS A SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to the Complaint, this answering defendant alleges that in the event this answering defendant is found to be negligent, which this defendant denies and states merely for the purpose of this affirmative defense, the damages for non-economic losses shall not exceed the amount specified in Civil Code §3333.2.

**AS A SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to the Complaint, this answering defendant alleges that in the event this answering defendant is found liable, which this defendant denies and states merely for the purposes of this affirmative defense, this answering defendant may elect to have future damages, if in excess of the amount specified in Code of Civil Procedure §667.7, paid in full or in part as specified in Code of Civil Procedure §667.7.

**AS AN EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to the Complaint, this answering defendant alleges that plaintiffs' action is barred by the plaintiffs failure to allege

compliance, and/or by their actual failure to comply with the provisions of the California Government Code sections 910, et. seq.

**AS A NINTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to the Complaint, this answering defendant alleges that following the alleged incident herein, plaintiffs failed and neglected to mitigate damages, and that said conduct, failure or omission on plaintiffs' own part proximately caused and/or contributed to the damages and injuries sustained by plaintiffs, if any.

**AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE** to the Complaint, this answering defendant alleges that it is a public entity and is therefore exempt from prejudgment interest.

**WHEREFORE,** this answering defendant prays that plaintiffs take nothing by reason of the Complaint on file herein, and this answering defendant be awarded costs of suit and such further relief as the Court may deem just and appropriate.

Dated:  12/3/2015

DONNELLY NELSON DEPOLO & MURRAY

By:  */s/ Sonja M. Dahl*
SONJA M. DAHL
Attorneys for Defendants
Mendocino Coast District Hospital

Defendant MENDOCINO COAST DISTRICT HOSPITAL, sued herein as Doe 4, demands a trial by jury.

Dated:  12/3/2015

DONNELLY NELSON DEPOLO & MURRAY

By:  */s/ Sonja M. Dahl*
SONJA M. DAHL
Attorneys for Defendants
Mendocino Coast District Hospital